**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 5:20-CV-042 |
| | § | |
| 0.88 ACRES OF LAND, MORE OR | § | |
| LESS, SITUATE IN WEBB COUNTY, | § | |
| STATE OF TEXAS; AND ADRIAN | § | |
| GOLARTE, *ET AL.* | § | |
| | § | |
| *Defendants.* | § | |

---

**OPPOSED MOTION OF THE UNITED STATES OF AMERICA
FOR ORDER OF IMMEDIATE POSSESSION**

---

The United States moves for an order requiring all defendants to this action and all persons in possession or control of the property described in the Complaint and Declaration of Taking to immediately surrender possession of the condemned estate to the United States.

## I. INTRODUCTION

Congress has provided funding for the planning and construction of primary pedestrian fencing along the southwest border, including in the Laredo Sector. Consistent with applicable appropriations, the United States plans to construct primary pedestrian fencing in Webb County, Texas, and the identified tract listed in the style above is a part of the designation. Time is of the essence. Accordingly, the United States respectfully requests this Court to enter an Order of Immediate Possession on an expedited basis.

## II. BACKGROUND FACTS

Pursuant to the Declaration of Taking Act, 40 U.S.C. §§ 3113 and 3114, and Federal Rule of Civil Procedure ("Rule") 71.1 (formerly Rule 71A), the United States filed a Complaint and a Declaration of Taking as well as a deposit of estimated just compensation to acquire an interest in the subject property. The United States will use this property to conduct surveying, testing, and other investigatory work needed to plan the proposed construction of roads, fencing, vehicle barriers, security lighting, and/or related structures to help secure the United States-Mexico border within the State of Texas. *See* Doc. No. 2, Declaration of Taking, Schedules "B" and "D". Section 230(a) of the Fiscal Year 2018 Department of Homeland Security Appropriations Act appropriated funding to acquire the interest sought in this action. *See* Docket No. 2, Declaration of Taking, Schedule "A"; *see* Consolidated Appropriations Act, 2018, Pub. L. 115-141, div. F, tit. II, 132 Stat. 348 (2018) (appropriating funds). The United States deposited $100.00 as estimated just compensation on March 26, 2020. (Docket No. 5).

## III. ARGUMENT AND AUTHORITIES

A.    *Because the United States Acquired this Property Under the Declaration of Taking Act, it is Entitled to Immediate Possession.*

The United States initiated this case by filing a Complaint and a Declaration of Taking and depositing estimated just compensation into the Registry of the Court, as required by the Declaration of Taking Act ("Act"), 40 U.S.C. § 3114 (formerly 40 U.S.C. § 258a). The filing and deposit immediately vest title to the acquired property in the United States. *See* 40 U.S.C. § 3114(b)(1). The Act specifically provides that upon the filing of the declaration of taking, "the court may fix the time within which, and the terms on which, the parties in possession shall be required to surrender possession to the petitioner . . . " 40 U.S.C. § 3114(d)(1). The purpose of the Declaration of Taking Act is to give the Government immediate possession of the property and

give the owner immediate compensation, in the form of estimated compensation, in return for title

to the land. *United States v. Miller*, 317 U.S. 369 (1943). As the Court explained,

> [t]he purpose of the statute is twofold. First, *to give the Government immediate possession of the property* and to relieve it of the burden of interest . . . .
> Secondly, to give the former owner, if his title is clear, immediate cash compensation to the extent of the Government's estimate of the value of the property.

*Id.* at 381 (emphasis added).  The transfer of title is immediate upon the filing of the declaration

and deposit of estimated just compensation. *See, e.g.*, *Catlin v. United States*, 324 U.S. 229, 238

(1945) (holding that a landowner may not delay or prevent the vesting of title by an interlocutory

appeal).

The Supreme Court reaffirmed that the Declaration of Taking Act immediately confers to

the United States title and a right to possession in *Kirby Forest Industries, Inc. v. United States*,

467 U.S. 1 (1984).  There it reviewed the methods by which the United States may appropriate

property, primarily comparing use of a declaration of taking with a "straight-condemnation"

proceeding.  *Id.* at 3-5.  In a "straight condemnation", the United States only files a complaint in

condemnation and only acquires title after the determination and payment of just compensation.

*Id.* at 4. In contrast, the Court noted that the Declaration of Taking Act is "[a] more expeditious

procedure . . . " *Id*.  The Court held that upon the filing of a declaration of taking and deposit of

estimated just compensation, "[t]itle and right to possession thereupon vest immediately in the

United States." *Id.* at 5.  Further distinguishing a "straight-condemnation" case from one brought

under 40 U.S.C. § 3114, the Court explained that the adoption of the Declaration of Taking Act

was "for the purpose of affording the Government the option of peremptorily appropriating land

prior to final judgment, thereby permitting immediate occupancy . . . " *Id.* at 12.  Finally, as stated

in *Narramore v. United States*, Congress enacted the Declaration of Taking Act "[t]o give the

Federal Government immediate possession of condemned property and to avoid delays in federal construction projects…" 960 F.2d 1048, 1050 (Fed. Cir. 1992).

Accordingly, because the United States has acquired the property at issue under the Declaration of Taking Act, the United States is entitled to immediate possession of the property. *See Miller*, 317 U.S. at 381; *Kirby Forest Indus.*, 467 U.S. at 5, 12.

      B.      *The United States Needs Immediate Possession in Order to Meet the Congressional Directive to Construct Fencing in the Laredo Sector.*

Congress has mandated that the Department of Homeland Security ("DHS") achieve and maintain operational control of the international land border. The Secure Fence Act of 2006, Pub. L. 109-367, § 2, 120 Stat. 2638 (Oct. 26, 2006). As part of achieving operational control of the border, the President's Executive Order on *Border Security and Immigration Enforcement Improvements* directs the Secretary of DHS (the "Secretary") take all appropriate steps to plan, design, and construct a wall along the southern border. Executive Order 13767, § 4(a). Consistent with Congress' mandate that DHS achieve and maintain operational control of the border and the President's Executive Order, Congress has directed DHS to plan, design, and construct fencing and related infrastructure along the southwest border. *See* Consol. Appropriations Act, 2018, Pub. L. 115-141, div. F, tit. II, 132 Stat. 348; the Act of Congress approved December 20, 2019, as Public Law 116-93, div. D, tit. II, 133 Stat. 2317.

The United States needs immediate possession of the subject property in order to meet this congressional directive. The Secretary has identified property in Webb County, Texas, for the construction of tactical infrastructure in order to improve security along the border of the United States. The United States needs to acquire the stated interest in the subject property in order to begin surveying, testing, and other planning and investigatory work needed to finalize the construction and design plans for fencing and the attendant roads, security lighting, and/or related

structures in Webb County, Texas. *See* Consol. Appropriations Act, 2018, Pub. L. 115-141, div. F, tit. II, 132 Stat. 348 (appropriating funds for the current taking). As a result, acquiring immediate possession of the property for the United States is a necessary step toward meeting the Congressional directive that DHS plan, design, and construct fencing and related infrastructure along the southwest border, specifically in high priority areas including the Laredo Sector. Because of the United States' demonstrated need for immediate access, this Court should grant immediate possession of the interest sought.

## IV. CERTIFICATE OF CONFERENCE

Individuals from the United States Customs and Border Protection and United States Army Corps of Engineers spoke with Adrian Golarte at his home on November 4, 2019 to explain the temporary estate sought, the surveying/testing process, any potential impacts to Mr. Golarte's property, and to answer any questions posed by Mr. Golarte. A proposed Right of Entry was presented to Mr. Golarte, but after consultation with the Government individuals, Mr. Golarte elected not to sign the proposed Right of Entry.

From February 12 through March 30, 2020, AUSA DerGarabedian contacted Mr. Golarte to confirm he had an interest in the subject property. Mr. Golarte confirmed he owned the property. When AUSA DerGarabedian inquired whether Mr. Golarte would sign the Right of Entry. Mr. Golarte advised he would, but only if the right of entry would be revocable. Mr. Golarte stated he wanted to be able to remove government employees, their contractors and subcontractors off his property if he "didn't like what he saw." AUSA DerGarabedian advised Mr. Golarte that condition could not be agreed to as it would jeopardize the efficiency and expediency of the project. AUSA DerGarabedian explained the process, should the United States need to file a Declaration of Taking, in order to acquire the temporary estate to enter Mr. Golarte's land to conduct surveys and

testing. Mr. Golarte advised he understood.  After consultations with Mr. Golarte, he elected not to sign a Right of Entry.

The AUSA DerGarabedian contacted Adrian Golarte from February 12 through March 30, 2020, in order to confer regarding possession of the temporary estate described in Schedule E of the Declaration of Taking (Docket No. 2). On April 9, 2020, Mr. Golarte stated that he is, in fact, opposed to this motion for possession.

## IV. CONCLUSION

Based on the foregoing, the United States submits that it is entitled to the entry of an order of immediate possession and requests that the Court grant this motion and enter an order of possession giving the United States immediate possession of the temporary estate described in Schedule E of the Declaration of Taking (Docket No. 2).

Respectfully submitted,

**RYAN K. PATRICK**
United States Attorney
Southern District of Texas

By:    *s/ Alexander N DerGarabedian*
**ALEXANDER N. DERGARABEDIAN**
Assistant United States Attorney
Southern District of Texas No. 3381593
New York Bar No. 5103577
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone:  956-992-9380
Facsimile: (956) 618-8016
E-mail: alexander.dergarabedian@usdoj.gov
Attorney in Charge for Plaintiff

## CERTIFICATE OF SERVICE

I, Alexander N. DerGarabedian, Assistant United States Attorney for the Southern District of Texas, do hereby certify that on April 9, 2020, I mailed a true and correct copy of the foregoing document to the all parties.

By:    *s/ Alexander N DerGarabedian*
           **ALEXANDER N. DERGARABEDIAN**
           Assistant United States Attorney